UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS ERNEST MORQUECHO,<br><br>Defendant. | Case No.: 11cr1495 AJB<br><br>**ORDER DENYING DEFENDANT'S REQUEST FOR REDUCTION IN SENTENCE UNDER THE AMENDED SENTENCING GUIDELINES** |

The Defendant has moved for reduction of sentence under Amendment 782 of the U.S. Sentencing Guidelines and pursuant to 18 U.S.C. § 358(c). Plaintiff has filed an opposition, and no reply was filed.

At the time of the original sentencing of the case, Mr. Morquecho's sentencing guidelines, based on an offense level 32, plus 1 level for the money laundering conviction and an additional 4 levels for role, totaled 37. After a reduction of 3 levels for acceptance of responsibility, an additional 2 levels were added for uncharged conduct, and an adjusted offense level 36 resulted. At a criminal history level of III, defendant's guideline range was 235 to 293 months. The Court then varied downward 4 levels under 18 U.S.C. 3553(a) citing, among other things, age, health, drug addiction and overrepresentation of criminal history, and sentenced defendant to 180 months.

In the intervening period, the sentencing guidelines have been reduced such that a recalculation at this time would result in the base offense lowering from 32 to 30, and with adjustments and before any variance, an adjusted offense level 34. At criminal history category III, a guideline sentence of 188 to 235 months results. The Defendant moves for a reduction in his sentence to 180 months.

The Court has considered the request and have reviewed the file materials with regard to the sentencing issues in this case. While Defendant qualifies for consideration for a reduced sentence under Amendment 782 of the U.S. Sentencing Guideline and pursuant to 18 U.S.C. § 3582(c), the Court denies Defendant's request for a reduced sentence based on a consideration of all relevant factors in his case. The Court finds that the 180 month sentence is sufficient but not greater than necessary in this case.

When the sentence was handed down, the Court considered the guidelines along with 18 U.S.C. § 3553 factors in determining that the 180 months were sufficient but not greater than necessary to achieve the purposes of the Federal Government in sentencing these matters. In sentencing Defendant to 180 months, the Court varied down from the low end guideline sentence of 188 months considering many mitigating factors which are, in part, noted above. Even under the reduced guidelines, Defendant's sentence remains below the adjusted guideline range.

As noted, in sentencing the Defendant, the Court varied down 4 levels. Because these departures were not related to substantial assistance, under section 1B1.10 of the guidelines, they do not carry over to the new amended guideline calculation. *See, United States v. Davis*, 739 F.3d 1222, 1224 (9th Cir. 2014). As a result, the only question for this Court is whether Defendant's original sentence – with the 3553(a) departures – was lower than the new guideline range – without these departures. In this case it plainly was.

//

//

//

11cr1495 AJB

1    Therefore, under section 1B1.10(b), since defendant received a sentence lower than the

2 new guideline range, he is not entitled to any further reductions.

3       Therefore, Defendant's Motion for Reduction is denied.

4 IT IS SO ORDERED.

5 Dated:  June 5, 2018

6                      Hon. Anthony J. Battaglia

7                      United States District Judge

11cr1495 AJB